UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Beverly-Waldorf Tokarz, Occupant of the Office of the Executor and Sole Beneficiary of/for The Beverly Waldorf Tokarz Estate and Trustee for Treborn Manor, Private Trust; Frank Tokarz; and Beverly W. Tokarz, | Case No. 17-cv-1022 (WMW/KMM) |
| Plaintiffs, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| Mortgage Electronic Registration Systems, Inc.; Arvest Central Mortgage Company; Universal American Mortgage Company, LLC; Wilford, Geske, & Cook, P.A.; David Mortenson; Eric D. Cook; Stephen Plaisance; Karla Payne; and Bruce Gross, | |
| Defendants. | |

Plaintiffs Beverly-Waldorf Tokarz, Occupant of the Office of the Executor and Sole Beneficiary of/for The Beverly Waldorf Tokarz Estate and Trustee for Treborn Manor, Private Trust, Frank Tokarz, and Beverly W. Tokarz commenced this lawsuit and filed a Motion for Emergency Injunctive Relief seeking to invalidate the foreclosure sale of their home. (Dkt. 19.) The Court referred Plaintiffs' motion pursuant to 28 U.S.C. § 636. Currently before the Court are the May 18, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez, (Dkt. 58), and Plaintiffs' objection to the R&R, (Dkt. 69).

Because Plaintiffs filed objections to the R&R, this Court's review is de novo. 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3). "Injunctive relief

is an extraordinary remedy, and the burden rests with the movant to establish its propriety." *Jackson v. Macalester Coll.*, 169 F. Supp. 3d 918, 921 (D. Minn. 2016). When deciding whether injunctive relief is warranted, a district court considers four factors: "(1) the threat of irreparable harm to the movant, (2) the balance between this harm and the injury that the injunction will inflict on other parties, (3) the probability that the movant will succeed on the merits and (4) the public interest." *Id.* (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981)). The failure to demonstrate irreparable harm is an independently sufficient ground to deny injunctive relief. *Watkins, Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

The R&R recommends denying Plaintiffs' motion for emergency injunctive relief because Plaintiffs have failed to demonstrate that they face a threat of irreparable harm. The R&R relies on two other cases from this District in which courts have concluded that a borrower seeking to enjoin a foreclosure sale does not face a threat of irreparable harm because the borrower has a right to redeem the property for six months following a foreclosure sale. *See Scanlon v. Nw. Mortg., Inc.*, No. 11-3128, 2012 WL 28140, at *2 (D. Minn. Jan. 5, 2012); *Bazil v. Wells Fargo Bank, N.A.*, No. 11-1206, 2011 WL 2619095, at *1 (D. Minn. July 1, 2011). In their objection, Plaintiffs acknowledge these cases but assert that "equitable relief requires that the wrong of Defendants in conducting a foreclosure auction in this matter be immediately remedied with an injunction voiding such sale of the property in question." Plaintiffs also state that they do not believe that Defendants would honor a redemption of the property. Because that belief is speculative and unsupported by the record, it cannot justify the issuance of an

injunction. *Jackson*, 169 F. Supp. 3d at 922 (citing *Taxpayers' Choice Volunteer Comm. v. Roseau Cty. Bd. of Comm'rs*, 903 F. Supp. 1301, 1308 (D. Minn. 1995)).

Having conducted its de novo review of the R&R, the Court agrees with the conclusion that Plaintiffs have not satisfied their burden to demonstrate that they face an imminent threat of irreparable harm. Consequently, Plaintiffs' objections to the R&R are overruled, the R&R is adopted, and Plaintiffs' motion for emergency injunctive relief is denied.

## ORDER

Based on the R&R, the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiffs' objection to the R&R, (Dkt. 69), is **OVERRULED**;

2. The May 18, 2017 R&R, (Dkt. 58), is **ADOPTED**; and

3. Plaintiffs' Motion for Emergency Injunctive Relief, (Dkt. 19), is **DENIED**.

Dated: August 9, 2017
                                                                         s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge