UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Beverly-Waldorf Tokarz, Occupant of the Office of the Executor and Sole Beneficiary of/for The Beverly Waldorf Tokarz Estate and Trustee for Treborn Manor, Private Trust; Frank Tokarz; and Beverly W. Tokarz, | Case No. 17-cv-1022 (WMW/KMM) |
| Plaintiffs, | **AMENDED ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| Mortgage Electronic Registration Systems, Inc.; Arvest Central Mortgage Company; Universal American Mortgage Company, LLC; Wilford, Geske, & Cook, P.A.; David Mortenson; Eric D. Cook; Stephen Plaisance; Karla Payne; and Bruce Gross, | |
| Defendants. | |

---

Plaintiffs Beverly-Waldorf Tokarz, Occupant of the Office of the Executor and Sole Beneficiary of/for The Beverly Waldorf Tokarz Estate and Trustee for Treborn Manor, Private Trust; Frank Tokarz; and Beverly W. Tokarz commenced this lawsuit against mortgage and debt collection companies, as well as individual employees of those companies, after defaulting on a loan obtained for the purchase of real property. Currently before the Court is the August 24, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Katherine M. Menendez. (Dkt. 88.) The R&R recommends granting with prejudice the motion to dismiss of Defendant Universal

American Mortgage Company, LLC; granting with prejudice the motion to dismiss of Defendant Bruce Gross; and granting with prejudice the motion to dismiss of Defendants Arvest Central Mortgage Company, Eric D. Cook, David Mortenson, Mortgage Electronic Registration Systems, Inc., Karla Payne, Stephen Plaisance, and Wilford, Geske, & Cook, P.A.  The R&R also recommends dismissing without prejudice any claims brought on behalf of any individual or entity other than the individual plaintiffs in this case, namely the Beverly Waldorf Tokarz Estate and the Treborn Manor Private Trust.  Finally, the R&R recommends denying as moot Plaintiffs' motions for summary judgment and for joinder of additional parties.  Plaintiffs filed timely objections to the R&R, and Defendants responded.  For the reasons addressed below, the Court overrules Plaintiffs' objections and adopts the R&R in full.

A district court reviews de novo any aspect of an R&R to which a party timely objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).  However, "[g]enerally the failure to file specific objections to a magistrate's report constitutes a waiver of those objections."  *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *see also Bui v. U.S. Attorney's Office*, No. 15-2001, 2015 WL 6758142, at *1 (D. Minn. Nov. 5, 2015) ("Objections to an R&R that are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error.").

Here, Plaintiffs do not raise specific objections to the R&R, nor do they provide legal support for their claims beyond repeating the allegations in their complaint and reincorporating their objections to other motions.  "Pleadings and other documents filed

2

by pro se litigants should be treated with a degree of indulgence." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993). But even when liberally construed, Plaintiffs' complaint and objections do not state a cognizable legal theory.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts that, when accepted as true, state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" in order to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "Though pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citation omitted).

The R&R recommends granting Defendants' motions to dismiss for failure to state a claim because Plaintiffs' complaint does not identify any legal theory under which relief can be granted. Plaintiffs base their claims on the premise that Tokarz is a "foreign state" under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1603(a)-(b), and the Trading With the Enemy Act, 50 U.S.C. § 4305(b)(2). "The courts repeatedly have rejected such 'redemptionist and sovereign citizen' arguments as utterly frivolous." *Mallory v. Obama*, No. 1:15-cv-1090, 2015 WL 7722034, at *2 (W.D. Mich. Nov. 30, 2015); *see also United States v. Gerads*, 999 F.2d 1255, 1256-57 (8th Cir. 1993) (imposing sanctions on plaintiffs for suing the government based on a sovereign citizen theory).

Having conducted its review, the Court agrees with the recommendations of the R&R. Plaintiffs fail to state any facially plausible claims on which relief can be granted. Consequently, Plaintiffs' objections to the R&R are overruled, and the R&R is adopted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Any claims brought on behalf of any individual or entity other than the individual plaintiffs are **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiffs' objections to the R&R, (Dkt. 90), are **OVERRULED**.

3. The August 24, 2017 R&R, (Dkt. 88), is **ADOPTED**.

4. Defendant Universal American Mortgage Company, LLC's motion to dismiss, (Dkt. 34), is **GRANTED**.

5. Defendant Bruce Gross's motion to dismiss, (Dkt. 40), is **GRANTED**.

6. The motion to dismiss of Defendants Arvest Central Mortgage Company; Eric D. Cook; David Mortenson; Mortgage Electronic Registration Systems, Inc.; Karla Payne; Stephen Plaisance; and Wilford, Geske, & Cook, P.A.; (Dkt. 46), is **GRANTED**.

7. Plaintiffs' motion for summary judgment, (Dkt. 60), is **DENIED AS MOOT**.

8. Plaintiffs' motions for joinder, (Dkts. 5, 6), are **DENIED AS MOOT**.

9. Plaintiffs' amended complaint, (Dkt. 16), is **DISMISSED** as outlined herein.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 17, 2017                    s/Wilhelmina M. Wright
                                                              Wilhelmina M. Wright
                                                              United States District Judge